UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

JEFFREY VANDERMAST, and
BRIDGET VANDERMAST, individually
and as Husband and Wife, on behalf of
themselves and all persons similarly
situated,

        Plaintiffs,

v.

WALL & ASSOCIATES, INC.,

        Defendant.

───────────────────────────────

20-CV-736 (JLS)

## DECISION AND ORDER

On April 25, 2019, Plaintiffs Jeffrey Vandermast and Bridget Vandermast commenced the instant action against Defendant Wall & Associates, Inc. ("Wall") in state court, alleging causes of action for fraud, money had and received, conversion, and unjust enrichment. Dkt. 1-1 (Exh. A). On May 19, 2020, Plaintiffs filed an amended complaint including class allegations and a cause of action for deceptive acts and practices in violation of New York State General Business Law § 349. Dkt. 1-8 (Exh. H). Based on the amended complaint, Wall removed this action to this court on June 16, 2020, *see generally* Dkt. 1, and filed a motion to dismiss based on a forum selection clause on July 14, 2020. Dkt. 7. On June 24, 2020, this Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 2. Presently before the

Court is Judge McCarthy's Report and Recommendation ("R&R") recommending that the Court grant Wall's motion to dismiss. Dkt. 21.

For the reasons discussed below, this Court adopts the R&R in full and dismisses the complaint.

## BACKGROUND

This Court assumes the parties' familiarity with the details of this case, outlined in Judge McCarthy's R&R, and will provide only a brief summary of the relevant background.

Plaintiffs Bridget Vandermast and Jeffrey Vandermast sought assistance from Wall and met with Wall's representative regarding tax relief services in October 2016. Dkt. 1-8, at 12 ¶¶ 57-58. Jeffrey Vandermast signed an agreement with Wall on October 26, 2016. *See id.* at 13 ¶¶ 62-67. This agreement included the following: "This agreement is deemed entered into in Virginia and is subject to the laws of Virginia. Jurisdiction for any action . . . to enforce this agreement or concerning services under this agreement, or concerning charges under this agreement, shall be exclusively in the Virginia courts located in Fairfax County, Virginia." *Id.* at 14 ¶ 70; Dkt. 1-8, Exh. A at 3 ¶ 14.

Plaintiffs Bridget Vandermast and Jeffrey Vandermast filed an initial state court action in New York Supreme Court, County of Niagara, on November 22, 2016. Dkt. 7-2, at 1 ¶ 2. Wall filed a motion to dismiss in that case, which the Honorable Frank Caruso granted on September 10, 2018. *Id.* at 2 ¶¶ 7-8. Plaintiffs filed another state court action on April 25, 2019. *Id.* at 3 ¶ 11. Wall moved to

dismiss again, which was denied. *Id.* at 3 ¶¶ 12-13. Plaintiffs filed an amended complaint, including class action allegations and increasing the alleged damages. *Id.* at 4 ¶ 15; *see also* Dkt. 1-8. Based on this amended complaint, Wall removed the action to this Court by filing a Notice of Removal on June 16, 2020. Dkt. 1.

Wall moved to dismiss this action on July 14, 2020. Dkt. 7. In his R&R, Judge McCarthy concluded that Plaintiffs were collaterally estopped from contesting the validity of the forum selection clause and that, even in the absence of collateral estoppel, the forum selection clause was enforceable and covered each of Plaintiffs' claims. Dkt. 21, at 4-12. Thus, Judge McCarthy recommended granting the motion to dismiss. Dkt. 21, at 1, 14.

On September 22, 2020, Bridget Vandermast and Jeffrey Vandermast filed timely objections to the R&R. Dkt. 24. These objections argue that Judge McCarthy erred by: (1) applying the collateral estoppel doctrine to the Section 349 state law claim; (2) concluding that the Section 349 state law claim was subject to the forum selection clause; (3) not following the persuasive authority of *Doe 1 v. AOL LLC*, 552 F.3d 1077 (9th Cir. 2009); and (4) concluding that the forum selection clause at issue was enforceable under the factors set forth in *Roby v. Corp. of Lloyd's*, 996 F.2d 1353 (2d Cir. 1993). *See generally id.* Wall responded to these objections on October 6, 2020. Dkt. 25. Bridget Vandermast and Jeffrey Vandermast replied on October 13, 2020. Dkt. 26.

## DISCUSSION

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the R&R, the objections and responses, and the materials submitted by the parties. Based on that *de novo* review, the Court accepts and adopts Judge McCarthy's recommendation to grant the motion to dismiss.

## CONCLUSION

For the reasons stated above and in the R&R, Wall's motion to dismiss (Dkt. 7) is GRANTED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated:    October 20, 2020
          Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE